Curia, per Johnson, Ch.
The leading question involved in the grounds of this appeal, is as to the admissibility of James W. Cantey as a witness for the complainant, and that seems to have been distinctly settled in the case of Endicot vs. Gillam, decided in the Court of Appeals in 1828, in connexion with the case of the same plaintiff against Briggs. They are not reported, but will be found in the 4 vol. of the M S. Records of the Appeal Court. They were separate actions on a joint and several promissory note given by the defendants to the plaintiff. The defence relied on was, that the note was given for an unsound horse, and in the case against Gillam, Briggs, the actual debtor, was called to prove the unsoundness of the horse, and it was held that he was incompetent, on the ground of interest. That rule is directly applicable here, and I incline to think that there are circumstances in this case which tend to strengthen the objection to the competency of this witness. The .object of calling the witness James W. Cantey was to prove that the bonds were usurious, and that he had made payments on them to the defendant Blair. If established, the effect would be to reduce the amount of the judgment against the complainant, by the extent of the usury, and the amount of payments. The complainant could, therefore, have recovered against the witness only the amount which he would be compelled to pay on the judgment, and it might, I think, well be questioned, whether the satisfaction of that judgment would not be a bar to an action on the same bonds against the principal. If that be the effect, it is apparent that the preponderance of interest of the witness was on the side he was called to testify, and he was inadmissible on that account. But it is not necessary to decide that question here, as he is excluded by the case of Endicot vs. Gillam. Excluding this testimony, the case must be decided on the other evidence in the cause.
The defendant denies unequivocally that there was any usury in the bond for $2000, of the 10th March, 1829, and that is conclusive. He admits, with frankness, that there was an agreement between James W. Cantey and himself, that he should reserve twenty per cent, on the bond for $3337 50, of the 16th Feb. 1830, and seeks to avoid the effect-of the usury, oh the ground that he afterwards inadvertently advanced to James W. Cantey, in money, the whole amount of the bond. We agree with the Chancellor on circuit, that a contract originally usurious cannot be divested of the taint, as to the surety, even by a *49 subsequent agreement between the lender or obligee, and the principal or obligor, and especially when, as in this case, the defendant, in making further advances to James W. Cantey, did so without his consent that they should be set down to the consideration of the bond, and, as is very apparent, without intending at the time that they should be so applied. The complainant’s testator was not, therefore, liable, beyond the amount actually agreed to be advanced on this bond, and which was so advanced.
My brethren are of opinion that the answer of the defendant as to the payments made to him by James W. Cantey, and their application, is conclusive, on the ground that it does not appear that the complainant might not, with due diligence, have obtained evidence of the fact of payment, and availed himself of it at law. These views cover all the grounds of appeal, on the part of the defendant; but the complainant also appeals, on the ground that there is error in that part of the decree which declares that the assignment of the judgment to Mrs. McKinon, “must be supported, as that of a purchaser for valuable consideration without notice,” from which it is infered that it was intended to charge the complainant with the whole amount of that portion of the judgment assigned to her, whether he was liable to the defendant for that amount or not, and the expression quoted would seem to import it. But when taken in con-nexion with what immediately follows, it is manifest that it was intended that if the sum due by the complainant on the judgment was not sufficient to pay both McWillie and Mrs. McKinon, the defendant was liable for any balance that might remain due to them. It is very clear that the assignee of a judgment cannot be placed on a better footing than the assignor.
It is ordered and decreed that the injunction heretofore granted to restrain the defendant from proceeding on his judgment at law, be, and the same is hereby, dissolved, so far as relates to the amount of the principal sum and the interest which has accrued on the bond for two thousand dollars, dated 10th March, 1829, and that the commissioner do ascertain what sums of money were advanced by the defendant Blair to James W. Can-tey on the bond conditioned for the payment of three thousand, three hundred and thirty seven dollars and fifty cents, dated 16th February, 1830.
Johnston and Dtjnkin, CC. concurred.
Harper, Ch. concurred in the results.